# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; MJ PUBLISHING TRUST d/b/a MIJAC MUSIC; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; THREE WISE BOYS MUSIC, LLC; SONY/ATV SONGS LLC; CORAL REEFER MUSIC; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; TAKING CARE OF BUSINESS MUSIC; HARRICK MUSIC INC.; JEFF DIGGS MUSIC; UNIVERSAL MUSIC MGB NA LLC d/b/a UNIVERSAL MUSIC CAREERS; EMI BLACKWOOD MUSIC, INC.; BMG RIGHTS MANAGEMENT (US) LLC d/b/a BMG PLATINUM SONGS (US); COLLIPARK MUSIC; SOAR LOSER MUSIC; DA CRIPPLER PUBLISHING; E W C PUBLISHING CO.; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING, | |
| Plaintiffs, | CIVIL ACTION NO.: |
| v. | |
| BOLLAS, INC. d/b/a LOS LUPES III; and JOHN MARCUS RAMIREZ, individually, | |
| Defendants. | |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1.  This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has

jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff MJ Publishing Trust is a trust doing business as Mijac Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff EMI Virgin Songs, Inc. is a corporation doing business as EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Three Wise Boys Music, LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Coral Reefer Music is a sole proprietorship owned by James W. Buffett. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Taking Care Of Business Music is a sole proprietorship owned by John A. Fogarty. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Harrick Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Jeff Diggs Music is a sole proprietorship owned by Jeffrey R. Hanna. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Universal Music MGB NA LLC is a limited liability company doing business as Universal Music Careers. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff BMG Rights Management (US) LLC is a limited liability company doing business as BMG Platinum Songs (US). This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Plaintiff Collipark Music is a sole proprietorship owned by Michael Antoine Crooms. This Plaintiff is the copyright owner of at least one of the songs in this matter.

18. Plaintiff Soar Loser Music is a sole proprietorship owned by Warren Anderson Mathis. This Plaintiff is the copyright owner of at least one of the songs in this matter.

19. Plaintiff Da Crippler Publishing is a sole proprietorship owned by Eric Von Jackson, Jr. This Plaintiff is the copyright owner of at least one of the songs in this matter.

20. Plaintiff E W C Publishing Co. is a sole proprietorship owned by Deongelo Marquel Holmes. This Plaintiff is the copyright owner of at least one of the songs in this matter.

21. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

22. Defendant Bollas, Inc. is a corporation organized and existing under the laws of the State of Texas, which operates, maintains and controls an establishment known as Los Lupes III, located at 103 East Camp Wisdom Road, Duncanville, Texas 78116, in this district (the "Establishment").

23. In connection with the operation of the Establishment, Defendant Bollas, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

24. Defendant Bollas, Inc. has a direct financial interest in the Establishment.

25. Defendant John Marcus Ramirez is the President of Defendant Bollas, Inc. with primary responsibility for the operation and management of that corporation and the Establishment.

26. Defendant John Marcus Ramirez has the right and ability to supervise the activities of Defendant Bollas, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

27. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 26.

28. Plaintiffs allege thirteen (13) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.

All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

29. Plaintiffs have been forced to file litigation against other related Los Lupes establishments before said establishments would enter the required licenses. *See Broadcast Music, Inc. et al. v. JMR Ventures, Inc. et al.*, Case 3:14-cv-01245-M (N.D. Tex. 2014). Defendants' copyright infringement has been willful.

30. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the thirteen (13) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

31. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

32. For each work identified on the Schedule, on or about the date(s) indicated on Line

5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

33. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

34. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

35. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the

copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.


Dated: February 24, 2015

>Respectfully Submitted,
>
>By: /s/ Dan D. Davison_____
>Dan D. Davison
>Bar No. 05590900
>dan.davison@nortonrosefulbright.com
>LEAD ATTORNEY
>Gita Srivastava
>Bar No. 24083898
>gita.srivastava@nortonrosefulbright.com
>
>NORTON ROSE FULBRIGHT US LLP
>2200 Ross Avenue, Suite 3600
>Dallas, TX 75201
>Tel:  (214) 855-8049
>Fax:  (214) 855-8200
>
>COUNSEL FOR PLAINTIFFS